UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELVIN JOHNNY LOPEZ-CRUZ, | CASE NO. C18-1575JLR |
| Petitioner, | ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Before the court is Petitioner Elvin Johnny Lopez-Cruz's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Mot. (Dkt. # 1).) Respondent United States of America ("the Government") opposes Mr. Lopez-Cruz's motion. (Am. Resp. (Dkt. # 9).) For the reasons stated below, the court DENIES Mr. Lopez-Cruz's motion.

Mr. Lopez-Cruz argues that he is entitled to § 2255 relief for four reasons. (*See* Mot. at 5-9.) Specifically, Mr. Lopez-Cruz asserts that: (1) his sentence violates the Due Process Clause of the Fifth Amendment because he was unlawfully subject to a

ORDER - 1

sentencing enhancement for having been removed from the United States subsequent to a conviction of an aggravated felony (*id.* at 5); (2) his removal proceedings violated his due process rights (*id.* at 6); (3) the court lacked jurisdiction to enter judgment in the underlying criminal matter (*id.* at 8); and (4) he did not sign the plea agreement (*id.* at 9). The court addresses each argument in turn.

First, Mr. Lopez-Cruz appears to argue that his sentence violates the Due Process Clause of the Fifth Amendment because he did not reenter the United States after being convicted of an aggravated felony and therefore is not subject to the sentencing enhancement set forth in 8 U.S.C. § 1326(b)(2). (*Id.* at 5); *see also* 8 U.S.C. § 1326(b)(2) (providing that a noncitizen "whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be . . . imprisoned not more than 20 years"). In particular, Mr. Lopez-Cruz appears to assert that his 2007 conviction under the Texas penal code for burglary of a habitation with intent to commit theft does not constitute an aggravated felony under *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018). (*See* Mot. at 5.)

This argument is unavailing. To begin, Mr. Lopez-Cruz is procedurally barred from asserting this ground for relief because he failed to raise it on direct appeal of his criminal conviction. *See generally United States v. Lopez-Cruz*, No. CR17-0213JLR (W.D. Wash) (showing that Mr. Lopez-Cruz did not appeal his conviction or sentence). "The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006) (citing *Massaro v. United States*, 538 U.S. 500,

504 (2003)). Mr. Lopez-Cruz failed to appeal his conviction or sentence in the underlying criminal case, and he does not demonstrate "cause" or "prejudice" for not having done so. *See Sanchez-Llamas*, 548 U.S. at 351 (noting the exception to the rule against raising new claims on collateral review "if a defendant can demonstrate both 'cause' for not raising the claim at trial, and 'prejudice' from not having done so") (quoting *Massaro*, 538 U.S. at 504). Furthermore, the court finds that Mr. Lopez-Cruz's conviction for burglary under Texas law constitutes an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G). *See* 8 U.S.C. § 1101(a)(43)(G) (stating that "a theft offense . . . or burglary offense for which the term of imprisonment [is] at least one year" is an aggravated felony); (*see also* Resp., Ex. E at 1 (showing that Mr. Lopez-Cruz pleaded guilty to burglary of a habitation with intent to commit theft and was sentenced to two years in custody); Resp. at 6-8.)

Second, Mr. Lopez-Cruz alleges that "the underlying Deportation Proceedings were based on a predicate offense that is not an 'Aggravated Felony'" and that he "was not told of any way to have a Remedy Relief of Exhausting a Deportation process procedure." (Mot. at 6.) Put otherwise, Mr. Lopez-Cruz appears to assert that he could not have been convicted of illegal reentry after deportation under 8 U.S.C. § 1326(a) because his predicate deportation resulted from a crime that was not an aggravated felony, and that he was deprived of the opportunity to seek relief from deportation. (*See id.*)

These arguments also fail. First, Mr. Lopez-Cruz's challenge to his conviction under 8 U.S.C. § 1326(a) is barred by the plea agreement he entered on November 28,

2017.  *See* No. CR17-0213JLR, Dkt. # 20 ("Plea Agreement") ¶ 14.  Pursuant to the plea agreement, Mr. Lopez-Cruz waived "[a]ny right to bring a collateral attack against the conviction and sentence," except for claims of ineffective assistance of counsel.  *Id.*  The waiver encompasses the challenge Mr. Lopez-Cruz raises here.  *See id.*  Moreover, Mr. Lopez-Cruz's argument is procedurally barred because he did not challenge the validity of any earlier deportation order on appeal.  *See generally* No. CR17-0213JLR.  Finally, Mr. Lopez-Cruz's second ground for relief is meritless.  The record establishes that, in 2002, Mr. Lopez-Cruz was deported not because he was classified as an aggravated felon, but rather because he had entered the United States without authorization.  (*See* Resp., Ex. B at 3:19-4:7.)  Additionally, the record establishes that Mr. Lopez-Cruz was informed of potential avenues to relief from deportation but chose not to seek any such relief.  (*See id.* at 11:19-13:8; *see generally* Resp., Ex. A.)

Third, Mr. Lopez-Cruz argues that the court lacked jurisdiction to enter judgment in his criminal case because he was arrested while trying to pass into Canada and did not intend to remain in the United States.  (Mot. at 7.)  This argument is also meritless.  To begin, the waiver of appeal in Mr. Lopez-Cruz's plea agreement bars Mr. Lopez-Cruz from challenging the legality of his arrest.  *See* Plea Agreement ¶ 14.  In any event, Mr. Lopez-Cruz failed to raise this challenge on appeal.  *See generally* No. CR17-0213JLR.  Finally, the facts alleged in Mr. Lopez-Cruz's motion are directly contrary to his plea agreement, which provides that Mr. Lopez-Cruz "was found near Lynden, Washington, by United States Border Patrol agents."  Plea Agreement ¶ 10.  Mr. Lopez-Cruz also admitted in his sentencing memorandum that "[h]e was arrested just south of the United

States/Canada border, as he was headed north to seek refuge in Canada." No. C17-0213JLR, Dkt. # 28 at 3.

Lastly, Mr. Lopez-Cruz claims that his plea agreement is void because it is unsigned. (Mot. at 9.) As emphasized above, the procedural default rule bars this argument because Mr. Lopez-Cruz failed to raise it on appeal. *See generally* No. CR17-0213JLR. Moreover, the plea agreement in the record bears the signatures of Mr. Lopez-Cruz, his federal public defender, and the Government's attorneys. *See* Plea Agreement.

For the foregoing reasons, the court DENIES Mr. Lopez-Cruz's motion under 28 U.S.C. § 2255.

Dated this 21st day of February, 2019.

The Honorable James L. Robart
U.S. District Court Judge